INA E. RYER *vs.* JASPER G. HYDE.

PROVIDENCE—NOVEMBER 24, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *New Trial. Harmless Error.*

Where the court finds that a ruling, although erroneous, was harmless, a new trial will be refused.

(2) *Petition for New Trial, and Bill of Exceptions.*

There is a distinction in the latitude allowed to the court, in passing upon exceptions, between a petition for a new trial and a bill of exceptions. In the former the court has the discretion to grant or refuse a new trial without reference to the correctness of the ruling, if the error was harmless and substantial justice has been done; while in the latter the sole question before the court is the correctness of the ruling which is the subject of exception.

TRESPASS ON THE CASE for trover and conversion. Heard on petition of defendant for re-argument of petition for new trial heretofore decided in the rescript accompanying this opinion. Petition for re-argument denied.

PER CURIAM. The petition for re-argument rests on the ground that the court had not considered the exceptions taken in the course of the trial. The only one which was argued related to the admissibility of testimony by the plaintiff based upon a copy of a list of articles which she used to refresh her memory. Assuming that the ruling was wrong, an inspection of the record shows that the witness testified from memory, independently of the list, to practically all of the articles (1) claimed in the suit. The error in the ruling, therefore, if any, was harmless, and not a ground for a new trial. This was considered by the court, though not mentioned in its rescript.[1]

We have examined the other exceptions on the record and find none which we consider to be of importance. The exceptions are therefore overruled.

(2) Counsel seem to suppose that the court is bound to pass upon exceptions which are presented as the basis of a petition for a new trial, as it would be bound to do were the exceptions contained in a bill of exceptions. But a greater latitude is allowed to the court in a petition for a new trial than exists in the case of a bill of exceptions, since in the former the court has the discretion to grant. or refuse a new trial without reference to the correctness of the rulings, if in its opinion the error was harmless and substantial justice has been done, while in the latter the sole question before the court is the correctness of the rulings which are the subject of exception. *Collier* v. *Jencks*, 19 R. I. 493; *Goodell* v. *Fairbrother*, 12 R. I. 233.

*Irving Champlin*, for plaintiff.
*Dexter B. Potter and John W. Hogan*, for defendant.

### RESCRIPT.

We think the testimony shows that more property was in the hands of the plaintiff than appears to have been allowed for by the jury, and we therefore grant the defendant's peti-

---

[1] The rescript referred to by the court was handed down October 21, 1899, and is here reported.—REPORTER.

tion for a new trial unless the plaintiff will consent that the verdict be reduced to five hundred dollars and take judgment thereon accordingly.

Case remitted to the Common Pleas Division for further proceedings.